[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
{¶ 1} This accelerated case comes before the court on appeal from the Lucas County Court of Common Pleas, Probate Division. Because the trial court correctly determined that appellant's failure to communicate with her children was not justified, we affirm.
 {¶ 2} The facts giving rise to this appeal are as follows. On May 2, 2002, appellees, Callie G. and Colleen M., petitioned to adopt twin girls. The twins were born in 1998 and are the biological children of appellant, Tabitha G. Callie G. is the biological mother of appellant and the maternal grandmother of the children. In their petition, appellees asserted that the consent of appellant is not required since she failed to communicate with the children for the prior year.
 {¶ 3} A hearing commenced on January 8, 2003. Callie G. testified that she has lived with Colleen M. for twelve years. On April 17, 1999, before their first birthdays, her grandchildren came to live with her and Colleen M. Callie G. testified that appellant asked her to take the children or she would "give them to the court." Callie G. agreed to take the children and they have lived with appellees ever since. During this time of approximately five years, appellees have lived in the same house and maintained the same phone number. Callie G. testified that from May 2, 2001 to May 2, 2002, appellant made no attempt to contact the children. Colleen M. also testified that appellant made no attempt to contact the children from May 2, 2001 to May 2, 2002.
 {¶ 4} Appellant testified that she sent her children to live with appellees in 1999, because she wasn't ready to be a mother. She testified that in the summer of 2001, she called Callie G. and asked if she could take the children swimming. Appellant testified that Callie G. told her no and then hung up the phone. Appellant testified that she sent each of the children a Christmas card in December 2001. In December 2002, appellant testified that she sent one Christmas card to both children. Appellant testified she called appellees' home many times but left no messages on the answering machine. Appellant testified that she knew where the children were between May 2, 2001 and May 2, 2003 but she never stopped by their home. On cross-examination, appellees' counsel asked:
 {¶ 5} "Weren't you concerned about the girls at all about what was happening with them?"
 {¶ 6} Appellant: Yes I was.
 {¶ 7} Appellees' counsel: You did nothing?
 {¶ 8} Appellant: I guess you could call it that.
 {¶ 9} Appellees' counsel: Pardon?
 {¶ 10} Appellant: I guess you could see it that way."
 {¶ 11} On January 16, 2003, the trial court issued a judgment entry finding that appellant failed, without justification, to communicate with her children for at least one year and, therefore, appellant's consent for adoption was not required. Appellant now appeals setting forth the following assignment of error:
 {¶ 12} "The Trial Court Erred In Finding That The Consent Of The Birthmother, [Tabitha G.] Was Not Required In The Adoption Proceeding Under Revised Code 3107.07."
 {¶ 13} Pursuant to R.C. 3107.07(A), a natural mother's consent to the adoption of her natural child by another is not required if the mother "has failed without justifiable cause to communicate with the minor * * * for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner." The petitioner for adoption bears the burden of proving this fact by clear and convincing evidence. In reAdoption of Bovett (1987), 33 Ohio St.3d 102, paragraph one of the syllabus. While the natural parent bears the burden of going forward with evidence that she had justifiable cause for failing to communicate with her child, the burden of proving that the cause was not justified remains on the petitioner. In re Adoption of Bovett, supra, at paragraphs once and two of the syllabus
 {¶ 14} The "clear and convincing evidence" standard is a higher degree of proof than the "preponderance of the evidence" standard generally utilized in civil cases but is less stringent than the "beyond a reasonable doubt" standard used in criminal cases. State v. Schiebel(1990), 55 Ohio St.3d 71, 74. An appellate court will not substitute its own judgment for that of a trial court applying a "clear and convincing evidence" standard where some competent and credible evidence supports the trial court's factual findings. Id.; C.E. Morris Co. v. FoleyConstr. Co. (1978), 54 Ohio St.2d 279, syllabus. The trial court is in the best position to observe the demeanor of the parties, to assess their credibility, and to determine the accuracy of their testimony. In reAdoption of Holcomb (1985), 18 Ohio St.3d 361, 367.
 {¶ 15} In the present case, appellant offered no evidence, other than her testimony, that she had called the children and sent them cards. Appellant's testimony contradicted the testimony of appellees who testified appellant made no attempt to communicate with the children. Clearly, the probate judge chose to believe the testimony of appellees. As we must defer to the trial court in matters of witness credibility, appellant's assignment of error is found not well taken.
 {¶ 16} On consideration whereof, the judgment of the Lucas County Court of Common Pleas, Probate Division, is affirmed. Costs to appellant.
 JUDGMENT AFFIRMED. Peter M. Handwork, P.J., Judith Ann Lanzinger, J. Arlene Singer, J.